McGREGOR W. SCOTT
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2772

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-S-01-493 GEB |
| ) | |
| Plaintiff, ) | FINAL ORDER OF FORFEITURE |
| ) | |
| v. ) | |
| ) | |
| BRADFORD LEE SCHNEIDER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

WHEREAS, on August 3, 2004, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(2), based upon the plea agreement entered into between plaintiff and defendant Bradford Lee Schneider forfeiting to the United States the following property:

        a.   Real property located at 2656 Neal Road, Paradise, Butte County, California, APN: 041-090-013-000, more fully described in Exhibit A, attached hereto.

AND WHEREAS, on August 24, 31, and September 7, 2004, the United States published notification of the Court's Preliminary Order of Forfeiture in <u>The Oroville Mercury-Register</u> (Butte County) a newspaper of general circulation located in the county in which

1

the subject property is located.  Said published notice advised all third parties of their right to petition the court within thirty (30) days of the publication date for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property;

AND WHEREAS, the United States and Indymac Bank have entered into a stipulation for expedited settlement approved by the Court on December 17, 2004, regarding the above-listed real property.

AND WHEREAS, the United States and West Coast Realty Services, Inc. have entered into a stipulation for expedited settlement approved by the Court on March 17, 2005, regarding the above-listed real property.

AND WHEREAS, the Court has been advised that no other third party has filed a claim to the subject property, and the time for any person or entity to file a claim has expired.

Accordingly, it is hereby ORDERED and ADJUDGED:

1. A Final Order of Forfeiture shall be entered forfeiting to the United States of America all right, title, and interest in the above-listed real property pursuant to 21 U.S.C. § 853(a)(2), to be disposed of according to law, including all right, title, and interest of Bradford Lee Schneider.

2. All right, title, and interest in the above-described property shall vest solely in the name of the United States of America.

3. The United States shall pay, upon entry of this Final Order of Forfeiture and the sale of the real property, Indymac Bank from the proceeds of sale, after payment of outstanding taxes and expenses incurred by the U.S. Marshals Service in connection with its custody and sale of the Property, the following:

        a.    All unpaid principal due to the Petitioner under the Deed of Trust recorded in Butte County, California, as instrument number 95-045657, and recorded on December 28, 1995.  Said Deed of Trust secured a promissory note in the original amount of $157,500.00 executed on December 20, 1995.

        b.    All unpaid interest at the contractual base rate (not the default rate) under the above Deed of Trust, assessed at 8.750 percent per diem, until the date of payment.

        c.    Reasonable attorney's fees not to exceed $2,000.00.

        d.    A total fee of not more than $200 to process a beneficiary demand statement and to record a reconveyance of the deed of trust.

        e.    The exact amount to be paid to Indymac Bank shall be determined at the time of payment.

4.  The payment to Petitioner Indymac Bank shall be in full settlement and satisfaction of all claims by Indymac Bank to the Property indicted by the Grand Jury at the request of the United States on or about November 7, 2001, and posted by the United States on or about August 24, 2004, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Property. The payment to Petitioner Indymac Bank shall not include any penalty payments, including any prepayment penalties.

5.  The United States shall pay, upon entry of this Final Order of Forfeiture and the sale of the real property, West Coast Realty Services, Inc., from the proceeds of sale, after payment of

1 outstanding taxes and expenses incurred by the U.S. Marshals Service
2 in connection with its custody and sale of the Property, the
3 following:
4     a.   All unpaid principal due to the Petitioner under
5         the Deed of Trust recorded in Butte County,
6         California, as instrument number 2000-0039432,
7         and recorded on October 12, 2000.  Said Deed of
8         Trust secured funds issued pursuant to an Equity
9         Maximizer Agreement and Disclosure.  The unpaid
10        principal balance as of September 1, 2004, is
11        $96,880.92.
12     b.   All unpaid interest at the contractual base rate (not
13         the default rate) under the above Deed of Trust,
14         assessed at 4.550 percent per annum, until the date
15         of payment.
16     c.   The sum of $8,500.00 as a compromise and as
17         compensation for attorney's fees, and any and all
18         other fees to which West Coast Realty Services, Inc.,
19         may be entitled under the Deed of Trust and/or the
20         Equity Maximizer Agreement and Disclosure as of the
21         date the stipulation was executed and entered into by
22         both parties.
23     d.   The exact amount to be paid to West Coast Realty
24         Services, Inc., shall be determined at the time of
25         payment.
26   6.   The payment to Petitioner West Coast Realty Services, Inc.,
27 shall be in full settlement and satisfaction of all claims by West
28 Coast Realty Services, Inc., to the Property indicted by the Grand

4

Jury at the request of the United States on or about November 7, 2001, and posted by the United States on or about August 24, 2004, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Property.  The payment to Petitioner West Coast Realty Services, Inc., shall not include any penalty payments, such as prepayment penalties.

    7.  The United States shall maintain custody of and control over the subject real property until it is disposed of according to law.

    IT IS SO ORDERED.

DATED:  April 19, 2005

                                                      /s/ Garland E. Burrell, Jr.
                                                      GARLAND E. BURRELL, JR.
                                                      United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Plea Agreement between the government and defendant Bradford Lee Schneider, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for posting/seizure of the above-described property.

Dated:  April 19, 2005

                                                      /s/ Garland E. Burrell, Jr.
                                                      GARLAND E. BURRELL, JR.
                                                      United States District Judge

**EXHIBIT A**

**PROPERTY DESCRIPTION**

(2656 Neal Road, Paradise, California)

All that certain real property situate in the County of Butte, State of California, described as follows:

PARCEL 1:

Being a portion of Section 5, Township 21 North, Range 3 East, M.D.B. & M., and more particularly described as follows:

COMMENCING at the North quarter corner of said Section 5; thence along the North and South centerline of said Section, South 1316.60 feet to the Northeast corner of the Southeast quarter of the Northwest quarter of said Section; being the true point of beginning of the Parcel herein described; thence from said true point of beginning and along the North line of said Southeast quarter of the Northwest quarter, South 89° 49' 35" West, 1346.39 feet to the Northwest corner of said Southeast quarter of the Northwest quarter; thence along the West line thereof, South 0° 20' 40" West, 1320.75 feet to the Southwest corner of said Southeast quarter of the Northwest quarter; thence along the South line of said Northwest quarter of Section 5, South 89° 52' 40" West, 1354.34 feet to the West quarter corner of said Section; thence along the West line of said Section, South 0° 41' 16" West 488.30 feet; thence North 89° 52' 40" East, 1600.76 feet to the centerline of Hamlin Canyon Creek; thence along the centerline of said Creek Northeasterly, 1316.33 feet to the East line of the Northwest quarter of said Section 5; thence along said East line, North, 1110.65 feet to the point of beginning and containing 62.40 acres more or less.

The bearings and distances contained in this description are taken from a survey made for Charles Beckett by John W. Hamby L.S. 2843, and dated June 1961.

PARCEL 2

A non-exclusive easement for the purpose of ingress and egress and public utilities over a strip of land 60 feet in width lying Easterly of and adjacent to the Westerly line of all that portion of the Northeast quarter of the Northwest quarter of Section 5, Township 21, North, Range 3 East, M.D.B. & M., lying Southerly of the Southerly line of the Neal County Road.

Said easement is for the benefit of and appurtenant to the property described in Parcel 1 above and shall inure to the benefit of and may be used by all persons who may hereafter become the owners of said appurtenant property or any parts or portions thereof.

APN: 041-090-013-000